SMATHERS POWER TYPEWRITER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43968.   Promulgated June 8, 1933.

*Albert F. Hillix, Esq.,* and *J. M. D. Crockett, C.P.A.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

328

### OPINION.

LANSDON: The primary contention of the petitioner is that from its inception down to and through the taxable year it was a trust, the income of which was distributable to the beneficiaries at stated dates. The provisions of the trust instruments involved are summarized in our findings of fact. In the original instrument it is plain that the trustees were authorized to carry on business such as usually results in profit or at least with the hope of profit. The testimony at the hearing, however, shows quite clearly that no such business transactions occurred after April 2, 1923. On that date the petitioner assigned the use of its patents to the Northeast Electric Co. From that time the sole function of the trustees was to collect the income resulting from the contract with the assignee and distribute the same to the beneficiaries of the trust in proportion to their interests therein.

The record discloses that no new trust agreement was entered into at April 2, 1923, when such business operations as it may have theretofore carried on were abandoned. If the agreement of April 28, 1925, had been made on April 2, 1923, there is no question that thereafter the petitioner could not have been taxed as a corporation. Apparently this is conceded by the respondent, since he has held that after March 1, 1925, petitioner is taxable only as a distributable trust. There are several tests applicable to the situation here. There must be some resemblance to a corporation. Some courts have held that the beneficiaries must have some control after the selection and activities of the trustees. Others that the trust must be engaged in a business for profit. This last seems to have been generally adopted by the courts and this Board. Where the trustees merely hold the corpus for the benefit of others and operations are limited to the collection and distribution of income therefrom, the decisions are practically consistent that the trust cannot be taxed as a corporation. The test is not what may be done but what actually was done by the trustees.

In *Lansdowne Realty Trust* v. *Commissioner*, 50 Fed. (2d) 56, where trustees held real estate for certain beneficiaries, all of whom were members of the same family and whose operations consisted

of collecting gross income, paying taxes, making repairs and distributing net income to such beneficiaries, the Circuit Court of Appeals for the Third Circuit, in reversing the decision of this Board, said:

* * * It is true that the trustees had powers of a broad character, but they did not exercise them and were not carrying on business after the form and manner of a corporation. When the trustees received the property it had all been leased for a period of five years from March 1, 1920. During this period of five years the trustees were not called upon to seek tenants or to do anything with reference to the property of any consequence, except to collect the rents and turn them over to the beneficiaries. By the terms of the lease, the lessees were to keep the premises in repair, pay the insurance and be responsible for all damages connected with the building. It is perfectly apparent that they were not doing business in any sense during the years 1923 and 1924, and we are of the opinion that during the years 1925 and 1926, they were not conducting business after the mode and manner of a corporation, but were doing nothing more than trustees ordinarily would be called upon to perform in the management of trust property. See *Gardiner* v. *U.S.*, 49 Fed. (2d) 992, decided by this court February 19, 1931; *Malley* v. *Howard*, (C.C.A.) 281 Fed. 363; *Hecht* v. *Malley*, 265 U.S. 144, 44 S.Ct. 462; *Little Four Oil & Gas Co.* v. *Llewellyn*, 35 Fed. (2d) 149; *Lucas, Comm.* v. *Extension Oil Co.*, (C.C.A.) 47 Fed. (2d) 65; *Id*, 16 B.T.A. 1028.

In *Gardiner* v. *United States*, 49 Fed. (2d) 995, the court, in affirming the decision of this Board, said:

While none of these cases are, on their own facts, exactly in point, the trend of expressed judicial opinion is that the crucial test must be found in what the trustees actually do, not in the mere existence of long unused powers. These two trustees have no business office; they hold no formal meetings; they merely consult with each other; they have hired no officers; employed no agents to procure subscriptions to the capital of their trust; they have sold one parcel of real estate and bought another, otherwise, their real estate holdings are as originally; they have so arranged their leases as not to require them to run heating plants, or even provide janitor or elevator service. In sum, their actual performance is indistinguishable from that of ordinary testamentary trustees.

On the facts established in this proceeding, we think the above cited authorities are controlling. In our opinion the petitioner was not taxable as a corporation in any part of the year in question. Having reached this conclusion, it is not necessary to discuss petitioner's allegation that respondent erroneously included $25,000 in its income for the alleged taxable period. The real taxable period in which such amount was received was the calendar year 1925. The corporation return was filed in error and the return required by law was the fiduciary return for the year in question, which was timely filed and disclosed all the income of the petitioner for the taxable year, including the $25,000 which the respondent has allocated to the first two months thereof. The determination of the respondent is reversed.

*Decision will be entered under Rule 50.*